When I dictated the opinion that has been filed in this case, I had read, studied and weighed the effect of the two statutes which are recalled to my attention by counsel in prosecuting his motion this morning. I was persuaded at that time, and I am still persuaded, that were I to do otherwise than I have done I would be usurping the power and the responsibility of the legislature.
To control tax foreclosure matters the legislature saw fit to pass R.S. 54:5-87, a statute of particular application, and I feel it must govern rather than the general statute, R.S.2:29-33. *Page 557 
Perhaps I should say that not only did I weigh and consider the equitable question involved in the situation, where the grandmother was dead, the mother of the petitioner was made a party at a time when she is alleged to have been insane, and the children, although they had actual notice of this suit, did not, in fact, then have any interest in the property, but in addition, I weighed and considered the equities involved in the situation of the DelPercios, the purchasers of the property from the grandmother whose default in payment of taxes led to the foreclosure suit. The DelPercios have now been made to deal with the purchasers at the tax sale and to again buy from it.
I must, Mr. Bossle, refuse your motion and stand on my opinion which is already on file.